## Commonwealth v. Showers

*Edward J. Blatt*, for Commonwealth.

*Alvin B. Coppolo*, for defendant.

TRAMBLEY, P. J., September 4, 1958.—This case is before the court on a writ of certiorari from the decision of William J. Bebble, Justice of the Peace, St. Marys. As a result of a search warrant, issued to a member of the game commission, parts of a deer, which are not described, were found in the possession of William E. Showers subsequent to July 1, after the closed season on deer.

While we find several matters which are questionable in the record of the justice of the peace, we are not in accord with defendant in his contention that there is no penalty provided in that portion of section 4 of the Act of May 24, 1956, P. L. (1955) 1736, 34 PS §1311.731, except for any violation relating to the buying or selling or bartering of the whole or any substantial part or parts of a game animal, in this

case a deer. However, we are in accord with the contention of defendant that the part of said act which amends The Game Law of June 3, 1937, P. L. 1225, art. VII, sec. 731, as amended, June 24, 1939, P. L. 810, sec. 1, and May 15, 1945, P. L. 517, sec. 2, which reads as follows: ". . . of the whole or any substantial part or parts of," naming the various game animals, is unconstitutional in that it is too vague and does not define what is meant by the word "substantial", especially in this case as no description of the parts is given and the court has no evidence which would enable it to determine whether the parts were substantial or not.

The act being penal it must be strictly construed and it does not appear anywhere in the record what part or parts of the deer were found in the possession of defendant nor did defendant plead guilty to anything but possession of *parts* of wild deer. Neither does the information set forth that defendant is charged with the possession of "substantial" parts of deer after July 1, following the close of the season, as required by the statute. In fact it states that defendant was in possession of deer after July 1, following the closed season, which is not in accordance with the record of the justice of the peace as the record only indicates, and defendant only pleaded guilty, to possession of parts of wild deer, not substantial parts.

## Order

Now, September 4, 1958, in view of the fact that the record does not charge any crime to which defendant pleaded guilty and that the word "substantial", without defining it, is so vague that it is impossible for the court to decide what is substantial and what is not substantial, especially in a case such as this where the parts of the wild deer found are not identified or described by the witnesses, this court holds that the judgment of the justice of the peace must be reversed

and that judgment must be rendered in favor of William E. Showers, defendant, costs to be paid by the Pennsylvania Game Commission.